FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Aug 29 2023

KEVIN P. WEIMER , Clerk

By: s/Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

   v.

KEVIN OWEN BURRESS

   Defendant.

CRIMINAL ACTION FILE

NO. 4:21-CR-00041-SDG-WEJ

## NON-FINAL REPORT AND RECOMMENDATION RE: DEFENDANT'S MOTION TO DISMISS FOR UNDUE DELAY IN TRANSPORT FOR TREATMENT TO RESTORE COMPENTENCY [73]

This matter is before the Court on Defendant Kevin Owen Burress's Motion to Dismiss for Undue Delay in Transport for Treatment to Restore Competency [73]. For the reasons explained below, said Motion should be **DENIED**.

## I.   BACKGROUND

Mr. Burress made his initial appearance in this Court on a Criminal Complaint [1] on October 5, 2021, and was detained by Order [8] dated October 19, 2021. A November 2, 2021 Indictment [11] charges Mr. Burress with two counts of cyberstalking, in violation of 18 U.S.C. § 2261A(2) and 2261(b); one count of extortion through interstate communication, in violation of 18 U.S.C. § 875(b); and possession of a machine gun, in violation of 18 U.S.C. § 922(o).

After the grand jury returned the Indictment in November 2021, the defendant sent numerous communications to the Court (see [20], [21], [25], [26]) that contained, among other things, confusing content. [1]  The Government subsequently sought an order permitting it to conduct a mental examination of the defendant pursuant to 18 U.S.C. § 4241 in light of an anticipated incompetency claim.  (See Gov't Motion of Jan. 24, 2022 [27].)  The Court granted that Motion by Order [34] dated February 11, 2022.

The Marshals Service transported the defendant from the Robert A. Deyton Detention Facility ("RADD") to the Federal Medical Center in Butner, North Carolina ("FMC Butner") for a competency evaluation on March 15, 2022.  He remained at FMC Butner until approximately June 2022.  On June 13, 2022, a forensic psychologist at FMC Butner issued a written report of her findings, diagnosing Mr. Burress with schizoaffective disorder, bipolar type, but concluding that he would be competent to stand trial, so long as he "remains compliant with his psychiatric medication treatment."  (June 13, 2022 letter [38] 18.)

---

[1] Defendant has continued to make pro se filings despite admonitions that he cease.  (See [28], [31], [35], [37], [40-41], [43-45], [47-52], [58-59], and [64-72].)

After the defendant's return to RADD, his counsel became concerned again about his competency.  On November 30, 2022, defense counsel provided a report to the Government from psychologist Dr. Peggy Flanagan which concluded that Mr. Burress was not presently competent to stand trial.  (Def.'s Mot. [73] 2.)  The Government did not object to Dr. Flanagan's findings as they pertained to Mr. Burress's competency to stand trial at that time.  (Id.)  On December 6, 2022, the parties filed a Joint Motion for a Competency Hearing [61], and requested that the defendant be committed for evaluation.  The parties informed the Court that RADD had significantly reduced Mr. Burress's medication dosage without explanation after his return from FMC Butner.  (Def.'s Mot. [73] 2.)

After a telephonic status conference [62], the Court entered an Order [63] on December 13, 2022, ordering that defendant be committed for evaluation and restoration to competency pursuant to 18 U.S.C. § 4241(d).  Specifically, the Court ordered that the defendant be committed to the custody of the Attorney General to be hospitalized for 90 days of treatment to determine whether there is a substantial probability in the foreseeable future that he would attain the capacity to permit the proceedings to go forward.  (Id.)  This Court recommended that the Bureau of Prisons ("BOP") send the defendant back to FMC Butner since he had previously been treated there.  (Id.)

3

The following week, on December 22, 2022, the BOP emailed the Court the following notice:

> The Court has ordered a 4241d study to be completed in 90 days and to be transported to the study site forthwith. I am writing to inform the Court that this inmate will not be able to complete a 4241d study within 90 days, as the study itself takes 4 months to complete. Additionally, we are currently operating with an approximate 9-10 month wait for a 4241 bed.

(<u>See</u> Remark entered on docket March 15, 2023.)[2]

After the date the above-quoted email was authored but before a remark about it was docketed, the Government was following up on this matter. For example, on February 24, 2023, the Government received a request from FMC Butner for the defendant's medical records, which it provided on March 2, 2023. (<u>See</u> Gov't Resp. Ex. A [79-1] 2.) On March 3, 2023, the Government asked FMC Butner if the defendant had arrived at the facility, and FMC Butner responded that he was on its "incoming list." (<u>Id.</u> at 1.)

---

[2] The undersigned's Courtroom Deputy Clerk forwarded the email from FMC Butner to counsel as soon as it was received and entered the remark on the docket. The undersigned has no explanation for why an email dated December 22, 2022, did not arrive until March 15, 2023.

4

On March 28, 2023, a few weeks after the parties learned of the December 22, 2022, notice from BOP about the current delay, the Government emailed the BOP and asked as follows:

> Could you please let us know when Kevin Burress is scheduled to arrive at Butner?  The court received notice from BOP a few weeks ago that BOP is operating with a 9-10 month wait for a 4241 bed.  Mr. Burress's attorney, Nicole Kaplan, is concerned that he is continuing to deteriorate in his current custodial situation.  If Mr. Burress is scheduled to arrive relatively soon, we may not need to take any action, but if it is going to be a long wait, we may need to ask the court to take some action to expedite things.  Please let us know.  Thank you.

(See Gov't Resp. Ex. B [79-2] 2.)

On April 5, Dr. Dia Boutwell, the Chief of the Psychological Evaluations Section of the BOP, responded as follows:

> Because the restoration pipeline is managed nationally, the reviews for cases to be expedited due to acute clinical decompensation are also made at that level in order to ensure the BOP remains fair and equitable to the 94 judicial districts we serve.  In order to complete a review, we need documentation from medical or mental health staff at the facility where Mr. Burress is currently being held describing the changes in his mental health symptoms and presentation.  If you, his attorney, or the US Marshals can provide that kind of information, we are happy to review it.

(Id. at 1.)

The Government added defense counsel to the email thread so that she could provide more information about her client's current condition.  (See Gov't Resp.

5

Ex. B [79-2] 2.)  The Government also provided the BOP with the defendant's most recent medical records from RADD, which had been sent directly to FMC Butner a few days earlier.  (Id.)

Defense counsel responded with her concerns that the defendant was decompensating, and noted her belief that the defendant's "deterioration has increased over the last month."  (See Gov't Resp. Ex. C [79-3] 2.)  Dr. Boutwell responded as follows:

> Thank you for your response.  I understand your concerns, but I need documentation from a medical or mental health provider at the facility where he is housed describing his current functioning.  Please understand we have many individuals awaiting competency restoration treatment and many of them have symptoms such as those exhibited by Mr. Burress.  If he is functioning adequately at the facility in which he is housed, I cannot justify moving him ahead in line of the other defendants who have been waiting longer.  That is not fair to those defendants or any of the parties involved in those cases.

(See Gov't Resp. Ex. C [79-3] 2.)

On June 15, 2023, the Government emailed Dr. Boutwell requesting an update on where the defendant was on the waitlist.  (See Gov't Resp. Ex. C [79-3] 1.)  A BOP employee responded that the defendant had been designated to FMC Butner on January 5, 2023, and was scheduled for admission in September 2023.  (Id.)  The Government adds that on August 11, 2023, Dr. Boutwell reported that

the defendant is scheduled for admission to FMC Butner the week of September 25, 2023.  (See Gov't Resp. Ex. D [79-4] 1.)

## II.   **<u>DISCUSSION</u>**

Given the passage of over nine months between this Court's Order of December 13, 2022, committing Mr. Burress to FMC Butner and his projected arrival there (September 25, 2023), he seeks dismissal of the Indictment under the Insanity Defense Reform Act ("IDRA"), 18 U.S.C. § 4241(d), and the Speedy Trial Act ("STA"), 18 U.S.C. § 3161.[3]

Delays of this type have unfortunately become too common as the need for mental health services apparently outstrips the BOP's capacity to provide them. Although this is a serious problem, the solution is not dismissal of the Indictment. <u>See</u> <u>United States v. McCall</u>, No. 1:21-CR-00474-UNA, 2022 WL 19561433, at *1 (N.D. Ga. Dec. 12, 2022) (Larkins, M.J.), <u>R. & R. adopted</u>, 2023 WL 3010177 (N.D. Ga. Apr. 19, 2023) (Jones, D.J.).[4]  The undersigned finds Judge Larkins's

_____

[3] Defendant also mentions that this delay violates his due process rights, but his brief does not make an argument under the Fifth Amendment.  Instead, he focuses on 18 U.S.C. § 4241(d) and cases applying it, such as <u>United States v. Donnelly</u>, 41 F.4th 1102 (9th Cir. 2022).  (Def.'s Mot. [73] 3-5.)

[4] <u>See also</u> <u>United States v. Cottingham</u>, No. 5:19-CR-00010-LCB-JHE-1, 2020 WL 4341720, at *1-2, 4 (N.D. Ala. July 6, 2020), <u>R. & R. adopted</u>, 2020 WL

reasoning and analysis persuasive and will not repeat it at length here. Suffice it to say, just as in <u>McCall</u>, the delay here violates neither the IDRA nor the STA.

Fortunately, it appears that Mr. Burress's excessive wait is almost over. FMC Butner reports that Mr. Burress is scheduled for admission there during the week of September 25, 2023. Should this admission not occur, the Government is **DIRECTED** to notify the Court and defense counsel.

## III.   <u>CONCLUSION</u>

For the reasons explained above, the undersigned **RECOMMENDS** that Defendant Kevin Owen Burress's Motion to Dismiss for Undue Delay in Transport for Treatment to Restore Competency [73] be **DENIED**.

**SO RECOMMENDED**, this 29th day of August, 2023.

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

4336018 (N.D. Ala. July 28, 2020) (denying motion to dismiss where defendant was in custody for about six months waiting for transfer to begin a § 4241(d) evaluation, finding that defendant failed to show prejudice and a "lack of bed space [] is insufficient to support dismissal").